```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

FRANKLIN "DEAN" CLINE,

     Plaintiff,

v.                                    CIVIL ACTION No. 1:09-0301

KEITH AUVILLE, et al.,

     Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), filed on April 20, 2009. Plaintiff did not file a response to defendants' motion. For reasons appearing to the court, that motion is **GRANTED** in part and **DENIED** in part.

### I. Background

According to the allegations in the complaint, on or about January 5, 2007, the home of plaintiff, Franklin "Dean" Cline, "was invaded" and plaintiff was arrested by Officer Keith Auville of the McDowell County Sheriff's Department and others. Complaint ¶ 7. Plaintiff alleges that he was "beaten, kicked and severely injured during the interrogation and arrest at his home, which beating ultimately resulted in his hospitalization for pneumothorax." Id. Plaintiff further contends that "he was beaten unnecessarily as he did not make any attempt to resist arrest or to obstruct the officers' activities." Id. at ¶ 8.

On January 5, 2009, Cline filed a complaint in the Circuit Court of McDowell County against the McDowell County Sheriff's Department and Officer Auville, individually and in his capacity as a police officer for the McDowell County Sheriff's Department.  Cline asserted claims for violation of 42 U.S.C. § 1983 and state law claims for battery, assault, negligent hiring, negligent training, negligent supervision, and negligent infliction of emotional distress.  Id. at ¶¶ 5,6.  Defendants removed the case to this court on the basis of federal question jurisdiction.  The instant motion to dismiss followed

## II.  Standard of Review

"[A] motion to dismiss for failure to state a claim for relief should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim."  Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989) (citation omitted) (quoting Conley v. Gibson, 355 U.S. 41, 48 (1957), and Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)).  "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff."  Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Ibarra v. United States, 120 F.3d 474, 474 (4th Cir. 1997).

In support of their motion, defendants have attached affidavits from Sergeant Ted Jones and Chief Deputy Mark Shelton. According to Fed. R. Civ. P. 12(d), "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."[1] Because plaintiff was not on notice that the motion to dismiss would be converted to one for summary judgment, the affidavits must be excluded. However, the court will give defendants leave to refile their motion as one for summary judgment.

### III. Analysis

In order to prevail on his civil rights claims under 42 U.S.C. § 1983, plaintiff must establish that a person acting under the color of state law deprived them of a right secured by the Constitution or laws of the United States. Everson v. Leis, 556 F.3d 484, 493 (6th Cir. 2009).

A.   *Qualified Immunity*

Cline asserts that Auville used excessive force against him in violation of his rights under the Fourth and Fourteenth

---

[1] For example, defendants could have simply captioned their motion as a "Motion to Dismiss, or, in the alternative, for Summary Judgment." See Laughlin v. Metropolitan Washington Airports Authority, 149 F.3d 253, 260-61 (4th Cir. 1998).

Amendments.  Auville contends he is entitled to qualified immunity from suit on this claim.  The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Wiley v. Doory, 14 F.3d 993, 995 (4th Cir. 1994); Smook v. Hall, 460 F.3d 768, 777 (6th Cir. 2006).

"Because qualified immunity is `an immunity from suit rather than a mere defense to liability . . . it is effectively lost if a case is erroneously permitted to go to trial.'" Pearson v. Callahan, 129 S. Ct. 808, 815 (2009) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)(emphasis deleted)).  As such, the Court has repeatedly "stressed the importance of resolving immunity questions at the earliest possible stage in litigation." Id. (quoting Hunter v. Bryant, 502 U.S. 224, 227 (1991) (per curiam)).  Further, "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."  Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

In Saucier v. Katz, 533 U.S. 194, 195 (2002), the Supreme Court mandated a two-step sequence for resolving the qualified immunity claims of government officials.

4

> First, a court must decide whether the facts that a plaintiff has alleged (see Fed. Rules Civ. Proc. 12(b)(6), (c)) or shown (see Rules 50, 56) make out a violation of a constitutional right. 533 U.S., at 201, 121 S. Ct. 2151.  Second, if the plaintiff has satisfied this first step, the court must decide whether the right at issue was "clearly established" at the time of defendant's alleged misconduct.  <u>Ibid.</u>  Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right.

<u>Pearson v. Callahan</u>, 129 S. Ct. 808, 815-16 (2009).  Just this year, the Court held that courts may exercise discretion in deciding which of the two <u>Saucier</u> prongs "should be addressed first in light of the circumstances in the particular case at hand."  <u>See</u> <u>id.</u> at 818.  "[T]he rigid <u>Saucier</u> procedure comes with a price.  The procedure sometimes results in a substantial expenditure of scarce judicial resources on difficult questions that have no outcome on the case.  There are cases in which it is plain that a constitutional right is not clearly established but far from obvious whether in fact there is such a right."  <u>Id.</u>

Under the first prong, a court must determine whether the facts as alleged, taken in the light most favorable to plaintiff, demonstrate the violation of a constitutional right.  <u>Saucier</u>, 533 U.S. at 201 ("Taken in the light most favorable to the party asserting the injury, do the facts alleged show the [state actor's] conduct violated a constitutional right?").  If the allegations do not give rise to a constitutional violation, no further inquiry is necessary.  <u>Id.</u>

A right is clearly established when it has been authoritatively decided by the Supreme Court, the appropriate United States Court of Appeals, or the highest court of the state in which the action arose.  Edwards v. City of Goldsboro, 178 F.3d 231, 251 (4th Cir. 1999).  The relevant, dispositive inquiry is whether it would be clear to a reasonable person that the conduct was unlawful in the situation he confronted.  Saucier v. Katz, 533 U.S. 194, 195 (2002).  "Clearly established" does not mean that "the very action in question has previously been held unlawful," but requires the unlawfulness of the conduct to be apparent "in light of preexisting law."  Wilson v. Layne, 526 U.S. 603, 615 (1999).

> The responsibility imposed on public officials to comply with constitutional requirements is commensurate with the legal knowledge of an objectively reasonable official in similar circumstances at the time of the challenged conduct.  It is not measured by the collective hindsight of skilled lawyers and learned judges. * * * "Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines."  Maciarello v. Sumner, 973 F.2d 295, 295 (4th Cir. 1992), cert. denied, 506 U.S. 1080 (1993).

Jackson v. Long, 102 F.3d 722, 730-31 (4th Cir. 1996); see also Williams v. Hansen, 326 F.3d 569, 578-79 (4th Cir. 2003) (holding that for purposes of qualified immunity, executive actors are not required to predict how the courts will resolve legal issues).  "In determining whether the specific right allegedly violated was `clearly established,' the proper focus is not upon the right at

its most general or abstract level, but at the level of its application to the specific conduct being challenged.'" Wiley v. Doory, 14 F.3d 993, 995 (4th Cir. 1994)(quoting Pritchett v. Alford, 973 F.2d 307, 312 (4th Cir. 1992)).

With respect to excessive force claims, the Fourth Circuit has stated:

> The following Fourth Amendment law was clearly established at the time of the events giving rise to this suit. Whether the State has used excessive force is determined under the Fourth Amendment's objective reasonableness standard. Applying this standard requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests at stake. The analysis of an excessive force claim further requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others and whether he is actively resisting arrest or attempting to evade arrest by flight. Moreover, because police officers are often forced to make split-second judgments - in circumstances that are tense, uncertain, and rapidly evolving, the facts must be evaluated from the perspective of a reasonable officer on the scene, and the use of hindsight must be avoided.

Gray-Hopkins v. Prince George's County, Maryland, 309 F.3d 224, 230-31 (4th Cir. 2002) (internal citations and quotations omitted).

Based on Cline's version of events as laid out in the complaint, at the time of the arrest, he did not pose an immediate threat to the safety of the officers or others. He was

7

not resisting arrest or attempting to flee.  According to Cline, he was "beaten, kicked and severely injured" and said injuries ultimately led to his hospitalization.  Under this version of facts, one could conclude that a Fourth Amendment violation occurred and that a reasonable officer in Auville's position could not have believed that he was acting lawfully in employing the level of force used.  For this reason, the court is unable to find that Auville is entitled to qualified immunity.[2]

B.       *Official Capacity Suit Against Auville*

A § 1983 claim against Auville is his official capacity as a police officer for the McDowell County Sheriff's Department is essentially a claim against the McDowell County Sheriff's Department and should be dismissed as duplicative.  See Love-Lane v. Martin, 355 F.3d 766, 783 (4th Cir. 2004).  Accordingly, the court DISMISSES the § 1983 claim against Auville in his official capacity.

## IV.  Conclusion

For the foregoing reasons, defendants' motion to dismiss is GRANTED insofar as the court dismisses the § 1983 claim against defendant Auville in his official capacity.  In all other respects, the motion is DENIED.

---

[2] Obviously, the result might have been different had the court been able to consider the affidavits attached to the motion to dismiss.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** this 30th day of March, 2010.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge